The opinion of the court was delivered by
Bermudez, C. J.
This is an appeal from a judgment dismissing a rule taken to compel compliance with an adjudication of succession property judicially ordered to be sold, at the instance of the administrator, to pay debts.
The adjudicatee filed a return to this rule as follows: “ Now comes Mrs. Julia Donahue, made defendant in rule herein taken to compel compliance with adjudication of property herein, and for exception says: That the records and proceedings herein show that one Julia Aicklen Meyer, a minor, is interested as owner of an undivided half of the property in question, and charged by the father as his debtor, and is therefore a necessary party to these proceedings which vitally affect her interest; that said minor has no legal representative whom this respondent can make party hereto; that in the interest both of said minor and this respondent, it becomes necessary that these proceedings, which involve the alienation of the entire property of said minors, should be conducted contradictorily with said minor legally and properly represented; that there is therefore a want of proper and necessary parties for a proper determination of the issues herein.
*636 “ Wherefore exceptor prays that plaintiff be required to cause a representative to said minor to be named and qualified, or that this Honorable Oourt will make such appointment after due proceedings, and that the plaintiff be required to make said minor party to this rule, or that respondent and exceptor be afforded an opportunity to make said minor a party hereto.”
The court having ordered the under tutor to be made party, this was done, and the case came on for trial.
After hearing argument on the exception, the court maintained the .exception and dismissed the rule, reserving to the father the right to qualify as tutor of his minor child under orders of the court.
Before the entering of the said judgment, counsel for plaintiff in rule offered to introduce oral testimony to maintain the truth of the allegations of the petition, on which the rule on the adjudicatee is based, considering that all defences against the said rule should be urged and heard prior to the mdgment dismissing the rule.
The defendant in rule objected to any testimony showing liability of the community to the father and husband and master of the community, upon the ground that the said liability was in reality the debt of the child and minor, and that such liability should not be shown, except contradictorily with the minor through a proper representative, and that no such representative now exists, as is shown by the record in this proceeding.
. The court having sustained the objection, a bill was reserved to the ruling.
As the record does not contain the proof required to support the rule, it is evident that this court can not pass upon the merits of the rule to determine whether the defendant in it should or not be made .to comply with his adjudication.
The only question with which it is now concerned is that raised by the exception, which is to the effect that, as the minor is interested in the issue before the court, and is not represented at the trial of the same, the court can not adjudicate upon the same.
. It appears that the administrator is the surviving husband of the deceased, and the father of the minor in question, and that he had not qualified as tutor.
Prom his omission thus to qualify, the defendant in rule infers that the minor is not a party to the proceeding.
*637 This is an error, for, had the father qualified as tutor of his minor child, he would have had no right to represent him in the proceeding, owing to the alleged conflict of interest between them. In such a case the law makes it the duty of the under tutor to act for the minor. R. C. C. 275.
As the question does not arise, we are relieved from the necessity of deciding whether the father, not having qualified, an under tutor, could be legally appointed.
It is, therefore, apparent that, if it be true that the minor is a necessary party to the proceeding, she was therein sufficiently represented by the under tutor.
The trial of the rule ought to have been proceeded with.
It is, therefore, ordered that the judgment appealed from be reversed, and that the rule herein taken on the adjudieatee be reinstated and remanded to the lower court for further proceedings according to law.